IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :

v. : CRIMINAL NO. 16-509-1

JOHN I. WALTMAN :

FILED
JUN 12 2019
KATE BARKMAN, Clerk
By _____ Dep. Clerk

### ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of defendant John Waltman's guilty plea as to Counts One and Nine of the second superseding indictment charging him with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count One), and to a violation of Hobbs Act extortion, in violation of 18 U.S.C. § 1951(a) (Count Nine), the defendant is required to forfeit criminally his interest in any property that constitutes, or is derived from, proceeds traceable to the commission of any offense that constitutes a "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), and or a conspiracy to commit such an offense, as charged in Counts Nine, and or any property, real or personal, involved in the commission of such offense, and any property traceable to such property pursuant to 18 U.S.C. § 981(a)(1)(C) made applicable by 28 U.S.C. § 2461(c), and or 18 U.S.C. § 982(a)(1).

2. All property that constitutes or is derived from proceeds traceable to the commission of such offense as charged in Count Nine, and or all property involved in the commission of the offense charged in Count One is forfeited to the United States.

3. The sum of $20,000 represents property involved in the commission of a conspiracy to commit money laundering, the sum of $500 represents the values of property that

constitutes and is derived from proceeds that the defendant directly or indirectly obtained, which are traceable to Hobbs Act extortion.

4. The defendant shall forfeit to the United States the $20,000 and $500 in proceeds that the defendant directly or indirectly obtained, which are traceable to Hobbs Act extortion and or property involved in the commission of a conspiracy to commit money laundering as charged in Counts One and Nine of the second superseding indictment pursuant to 18 U.S.C. § 981(a)(1)(C) made applicable by 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1), and Federal Rule of Criminal Procedure 32.2(b)(2). A money judgment in the amount of $20,000 and one in the amount of $500 are hereby entered against the defendant.

5. Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, these proceeds are or this property is not currently available because the defendant has dissipated or otherwise spent the proceeds and or property that he obtained/the United States cannot locate the proceeds and or property upon the exercise of due diligence, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. The government may move at any time, pursuant to Federal Rule of Criminal Procedure 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

6. Upon entry of this Order, the Attorney General or a designee, pursuant to Federal Rules of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Federal Rule of Civil Procedure 45.

7.      Because the government does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

8.      Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this forfeiture Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

9.      The Court shall retain jurisdiction to enforce this forfeiture Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

ORDERED this 11th day of _____June_____, 2019.

_____
HONORABLE GENE E. K. PRATTER
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

v.                              :    CRIMINAL NO. 16-509-1

JOHN I. WALTMAN                 :

### GOVERNMENT'S MOTION FOR ORDER OF FORFEITURE

The United States of America, by and through its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Richard P. Barrett, Assistant United States Attorney, respectfully requests entry of an order of forfeiture, and, in support of this motion, the United States represents as follows:

1. On December 5, 2017, John Waltman was charged by a second superseding indictment with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count One), money laundering, in violation of 18 U.S.C. § 1956(a)(3), 2 (Counts Two through Four), honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, 2 (Count Five), honest services mail fraud, in violation of 18 U.S.C. §§ 1343, 1346, 2 (Counts Six through Eight), Hobbs Act extortion, in violation of 18 U.S.C. § 1951(a), 2 (Counts Nine, Twelve through Fifteen, and Nineteen), violating the Travel Act, in violation of 18 U.S.C. § 1952(a)(3), 2 (Counts Sixteen through Eighteen), and wire fraud, in violation of 18 U.S.C. § 1343, 1349, 2 (Counts Twenty and Twenty-One). The second superseding indictment also contained Notices of Forfeiture, which alleged that the defendant's interest in certain property was forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2461(c), and pursuant to 18 U.S.C. § 982(a)(1), as a result of his violation 18 U.S.C. §§ 1343, 1349, and 18 U.S.C. § 1951, 1952, and 1956. The Notices of Forfeiture also provided notice that, in the

- 1 -

event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

2. On January 19, 2019, defendant John Waltman pleaded guilty to Counts One, Nine, Thirteen through Fifteen, and Nineteen of the second superseding indictment.

3. As a result of his guilty plea, the defendant is required, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), to forfeit criminally his interest in any property that constitutes, or is derived from, proceeds traceable to the commission of any offense that constitutes a "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), and or a conspiracy to commit such an offense, as charged in Count Nine of the second superseding indictment.

4. As a result of his guilty plea, the defendant is required, pursuant to 18 U.S.C. § 982(a)(1), to forfeit criminally hisr interest in any property, real or personal, involved in the commission of such an offense, or any property traceable to such property, as charged in Count One of the second superseding indictment.

5. Pursuant to the terms of the plea agreement, the defendant has agreed to the entry of a forfeiture money judgment in the amount of $20,000 which represents the property involved in his violation of 18 U.S.C. § 1956(h) as charged in Count One. Further, pursuant to the terms of his plea agreement, the defendant has agreed to the entry of a separate forfeiture money judgment in the amount of $1,000 which represents the proceeds the defendant obtained as a result of the violation of 18 U.S.C. § 1951(a) as charged in Count Nine. Based upon the defendant's plea agreement and the facts set forth in the government's plea memorandum, and at the change of plea hearing, and in the record as a whole, the government avers that the sums of

$20,000 and $500[1] in United States currency are subject to forfeiture as a result of the defendant's guilty plea as to Count One and Count Nine of the second superseding indictment, and that the government has established the requisite nexus between such property and the offenses. These amounts represent the value of proceeds that the defendant obtained as a result of 18 U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2461(c) and property involved in 18 U.S.C. § 982(a)(1) as a result of his commission of 18 U.S.C. §§ 1951(a), 1956(h). *See Honeycutt v. United States*, 137 S. Ct. 1626 (2017) (a defendant must forfeit the property that he himself acquired from the offense giving rise to the forfeiture); *United States v. Gjeli*, 867 F.3d 418, 426-27 (3d Cir. 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 1963 and 18 U.S.C. § 981(a)(1)(C)); *United States v. Brown*, 694 Fed. App'x 57, 2017 WL 3404979 (3d Cir. Aug. 9, 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 982(a)(2)); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (an *in personam* forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); Fed. R. Crim. P. 32.2(b)(1) (where the government seeks an order of forfeiture for criminal proceeds, the court must determine the amount of money that the defendant will be ordered to pay).

      6.      The government, therefore, seeks an order of forfeiture in the amount of $20,000 representing property involved in and traceable to property involved in 18 U.S.C. § 982(a)(1) for his commission of conspiracy to commit money laundering and the entry of a money judgement. Further, the government, therefore, seeks an order of forfeiture in the amount of $500 which represents proceeds that the defendant obtained as a result of 18 U.S.C.

---

[1] As both this defendant and co-defendant Robert Hoopes pled guilty to Count Nine of the second superseding indictment, they are each responsible for the forfeiture in Notice of Forfeiture #2. Each defendant will be responsible for one-half of the total proceeds attribute to Count Nine, therefore the government seeks a forfeiture money judgment in the amount of $500 for each, totaling $1,000.

§ 981(a)(1)(C) made applicable by 28 U.S.C. § 2461(c) for his commission of Hobbs Act extortion, and the entry of money judgements in these amounts.

       7.       The defendant admits, pursuant to his plea agreement, that, due to the defendant's acts or omissions, the $20,000 and $500 in proceeds and or property involved in is not currently available to the government for forfeiture, and that the government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) have been met. Based upon the defendant's plea agreement, and the facts set forth in the government's plea memorandum and in the record as a whole, the defendant has dissipated the proceeds and or property that he obtained and the United States cannot locate the proceeds and o property upon the exercise of due diligence, and one or more of the conditions in 21 U.S.C. § 853(p) have been met. Accordingly, pursuant to 21 U.S.C. 853(p) and Federal Rule of Criminal Procedure 32.2(e)(1)(B), the government is authorized to seek forfeiture of substitute assets of the defendant up to the amount of $20,000 and $500. 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(b)(2).[2]

---

[2] Title 21 U.S.C. § 853(p) provides that the government is entitled to the forfeiture of substitute property if, as a result of any act of the defendant, forfeitable property cannot be found upon the exercise of due diligence or has been transferred or deposited with a third party. Fed. R. Crim. P. 32.2(e)(1)(B) provides that the court may, at any time, amend an existing order of forfeiture to include substitute property. The government may forfeit substitute assets to satisfy a forfeiture money judgment. *See, e.g., United States v. Hall*, 434 F.3d 42, 58 n.7 (1st Cir. 2006) (substitute assets may be forfeited to satisfy a forfeiture order for a sum of money that the defendant, by his act or omission, has prevented the government from tracing); *United States v. Moses*, No. 1:05-CR-133, 2010 WL 3521725, at *9 (D. Vt. Sept. 7, 2010) (any property not forfeited as proceeds or facilitating property may be forfeited as substitute assets to satisfy the money judgment); *United States v. George*, No. 1:09cr431, 2010 WL 1740814, at *3 (E.D. Va. Apr. 26, 2010) (defendant ordered to forfeit annuity payments she was entitled to receive for the next ten years as substitute asset in partial satisfaction of money judgment); *United States v. Carroll*, 346 F.3d 744, 749 (7th Cir. 2003) (defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy money judgment).

8. The government requests authority to conduct discovery, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

9. Because the government seeks only a forfeiture order in the amount of proceeds that the defendant obtained and does not seek the forfeiture of any specific asset at this time, advertisement of the order and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third party claims required where forfeiture does not include specific property).

For the reasons stated above, the government requests that this Court enter the attached Order.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

*/s/ Sarah L. Grieb*
SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Financial Litigation

*/s/ Richard P. Barrett*
RICHARD P. BARRETT
Assistant United States Attorney

Date: June 10, 2019

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

>Louis R. Busico, Esq.
>133 North State Street
>Newtown, PA 18940

>/s/ Richard P. Barrett
>RICHARD P. BARRETT
>Assistant United States Attorney

Date: June 10, 2019